UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Stephen Ray Kern,

            Petitioner

v.

Jeremy Bean,[1] et al.,

            Respondents

Case No. 2:25-cv-01427-CDS-MDC

**Screening, Appointment, and Service Order**

      Petitioner Stephen Ray Kern has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and moved for the appointment of counsel.[2] ECF Nos. 1-1, 6. For the reasons discussed below, following an initial review of the petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), I direct service of the petition and grant the motion for appointment of counsel.

I.     Background[3]

      Kern challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Stephen Kern*, C-11-275196-1. On February 21, 2013, the state court entered a judgment of conviction, following a jury trial, convicting Kern of burglary, battery with the intent to commit a crime with the victim being 60 years of age or older, three counts of sexual assault with the victim being 60 years of age or older, robbery with the victim being 60 years of age or older, and two counts of open or gross lewdness. Kern was sentenced to 48 to 120 months for the burglary conviction, life with the possibility of parole after 24 months for the

---

[1] The state corrections department's inmate locator page shows that Kern is incarcerated at High Desert State Prison. Jeremy Bean is the current warden for that facility. Accordingly, at the end of this Order, I kindly request the Clerk of Court to substitute Jeremy Bean as a respondent for respondent High Desert State Prison. *See* Fed. R. Civ. P. 25(d).

[2] Kern was instructed to pay his filing fee or file an application to proceed *in forma pauperis*. ECF No. 3. Kern filed a copy of his NDOC Inmate Account Transaction Request from August 14, 2025, showing that he requested that the NDOC send the Court his filing fee. ECF No. 4.

[3] I take judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/Anonymous/default.aspx) and Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

battery conviction plus a consecutive 96 to 240 months for the victim enhancement, life with the possibility of parole after 10 years for each sexual assault conviction plus a consecutive 96 to 240 months for each for the victim enhancements, 72 to 180 months for the robbery conviction plus a consecutive 72 to 180 months for the victim enhancement, and 12 months for each open or gross lewdness conviction.

Kern attempted to file a direct appeal, but the Nevada Supreme Court dismissed it on May 10, 2013, because it was untimely filed. *Stephen Ray Kern, Jr. v. State of Nevada*, No. 63082. Kern then unsuccessfully sought rehearing. Remittitur issued on August 23, 2013. Kern was then permitted, under Rule 4(c) of the Nevada Rules of Appellate Procedure, to refile his direct appeal. The Nevada Supreme Court affirmed on June 12, 2014. *Stephen Ray Kern, Jr. v. State of Nevada*, No. 64243. Remittitur issued on July 9, 2014.

Kern filed a state habeas petition on April 24, 2013. Kern supplemented this petition on January 27, 2016; September 20, 2017; and January 11, 2020. After nearly a decade, the state court denied the petition, and Kern appealed. The Nevada Court of Appeals affirmed on April 9, 2025. *Stephen Ray Kern, Jr. v. State of Nevada*, No. 88264-COA. Remittitur issued on June 6, 2025.

II.   Discussion

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Following a review of the petition, I find that a response is warranted, so I direct service of the petition on Respondents.

I now turn to Kern's motion for the appointment of counsel. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327,

336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

I provisionally appoint the Federal Public Defender to represent Kern. I find that appointment of counsel is in the interests of justice given, among other things, Kern's lengthy sentence, unusual procedural history, and complex claims.

### III. Conclusion

IT IS HEREBY ORDERED that the Clerk of the Court (1) file the petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for respondents, (3) send respondents' counsel a copy of the petition (ECF No. 1-1), this order, and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing, (4) send the Federal Public Defender a copy of this order and the petition (ECF No. 1-1), (5) send a copy of this order to Kern and the CJA Coordinator for this division, and (6) substitute Jeremy Bean as a respondent for respondent High Desert State Prison.

IT IS FURTHER ORDERED that respondents' counsel enter a notice of appearance by November 6, 2025. No further response will be required until further order.

IT IS FURTHER ORDERED that the motion for appointment of counsel **[ECF No. 6] is granted**. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Kern by filing a notice of appearance or (2) indicate the office's inability to represent Kern in these proceedings. If the Federal Public Defender is unable to represent Kern, alternate counsel will be appointed. Appointed counsel will represent Kern in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless

allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Kern remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

Dated: October 15, 2025

_____
Cristina D. Silva
United States District Judge