UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Stephen Ray Kern,

Petitioner

v.

Jeremy Bean,

Respondent

Case No. 2:25-cv-01427-CDS-MDC

**Order Granting in Part Respondent's Motion to Dismiss**

[ECF No. 37]

Counseled petitioner Stephen Ray Kern, who is incarcerated in the custody of the Nevada Department of Corrections, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 17. Respondent filed a motion to dismiss, Kern opposed the motion, and the respondent replied. ECF Nos. 37, 38, 39. For the reasons discussed below, I grant the motion, in part.

## I. Background

A jury convicted Kern of burglary, battery with the intent to commit a crime on a victim 60 years of age or older, three counts of sexual assault on a victim 60 years of age or older, robbery of a victim 60 years of age or older, and two counts of open or gross lewdness. ECF No. 18-2. Kern appealed, but the Nevada Supreme Court dismissed it as untimely. ECF No. 28-5.

Kern filed a state habeas petition on April 24, 2013. ECF No. 18-3. The state court granted the petition, in part, finding that Kern was "entitled to file an untimely direct appeal with the assistance of appointed appellate counsel," but its "rulings on all other issues [were] held in abeyance." ECF No. 18-4 at 8. The Nevada Supreme Court denied Kern's direct appeal on June 12, 2014. ECF No. 18-8. The state court then denied the remainder of Kern's state habeas petition. ECF No. 18-12. Kern appealed, and the Nevada Court of Appeals affirmed the denial of Kern's state habeas petition. ECF No. 18-16. Remittitur issued on June 6, 2025. ECF No. 18-19.

Kern commenced this action on August 5, 2025. ECF No. 1. I appointed counsel for Kern. ECF No. 9. Counsel filed a First-Amended Petition, alleging the following grounds for relief:

1. The trial court erred in refusing to hear evidence at a competency hearing.
2. The trial court erred in failing to conduct a competency hearing.
3. The effect of the cumulative errors raised on direct appeal prejudiced him.
4. His jury was not selected from a representative cross-section of the community.

5a. His trial counsel failed to attack the findings of competency.
5b. His trial counsel failed to effectively present the fair cross-section of the community argument.
5c. His trial counsel failed to investigate.
5d. His trial counsel failed to cross-examine a witness effectively.
5e. His trial counsel failed to object to the prosecution's statements during closing arguments regarding (1) his presumption of innocence and (2) that he altered his appearance.
5f. His trial counsel failed to move to suppress evidence.
5g. His trial counsel failed to move to suppress his statement to police.
6a. His appellate counsel failed to raise a fair cross-section of the community claim.
6b. His appellate counsel failed to raise claims regarding the prosecutor's misconduct during closing arguments on (1) his presumption of innocence and (2) that he altered his appearance.

7. The cumulative effect of the errors alleging ineffective assistance of trial counsel in grounds 5b, 5f, and 5g prejudiced him.

ECF No. 17.

Respondent argues that (1) ground 4 is procedurally defaulted, (2) grounds 5a, 5c, 5d, 5e1, 6a, and 6b2 are unexhausted, and (3) grounds 3 and 7 are not cognizable. ECF No. 37. I address these arguments in turn.

## II. Discussion

### A. Procedural Default

Where the state court denies a prisoner's habeas claim on an independent and adequate state law grounds, that claim is "procedurally defaulted" for purposes of federal habeas review. *Edwards v. Carpenter*, 529 U.S. 446, 454–55 (2000) (bar applies if prisoner fails to meet a "state procedural requirement"). As is relevant here, Nevada law prohibits state prisoners from seeking

post-conviction relief in a petition for writ of habeas corpus where the grounds for the petition could have been raised in a direct appeal. Nev. Rev. Stat. § 34.810(1)(b)(2).

When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (the miscarriage of justice exception ensures "that federal constitutional errors do not result in the incarceration of innocent persons"). To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012). To show prejudice, a petitioner must show not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *Murray v. Carrier*, 477 U.S. 478, 494 (1986).

In ground 4, Kern argues that his jury was not selected from a representative cross-section of the community. ECF No. 17 at 57. In his post-conviction appeal, "Kern argue[d] the district court erred by denying as procedurally barred the following claim[ ] raised in his pro se petition: . . . there was an underrepresentation of African Americans on the jury panel." ECF No. 18-16 at 12. The Nevada Court of Appeals "conclude[d] the district court did not err by denying th[is] claim[ ] as procedurally barred." *Id.*

The Nevada Court of Appeals' determination that ground 4 was procedurally barred was based on Nevada Revised Statute § 34.810(1)(b), which has been found to be an independent and adequate[1] state law ground for denying claims on procedural grounds. *See Vang v. Nevada*, 329 F.3d

[1] Kern argues that the application of Nevada's procedural bar was inadequate because evidence in support of this claim was outside of the trial record, meaning it could not have been brought on direct appeal. ECF No. 38 at 2. The new evidence that Kern relies upon in ground 4 is 2010 census data that was not developed until his post-conviction proceedings. *Id.* Kern's argument lacks merit. The lack of the 2010 census data only affected the viability of this ground; it did not affect Kern's ability to have raised this ground on direct appeal. Indeed, nothing precluded Kern from raising this claim on direct appeal without the new evidence *(fn. cont...)*

1069, 1075 (9th Cir. 2003) ("[T]he Nevada Supreme Court declined to review claims 1 and 7 because, under Nevada Revised Statute § 34.810, the claims could have been brought in Petitioner's direct appeal but were not. In this non-capital case, that procedural bar is an adequate and independent state ground sufficient to deny Petitioner federal review of those two claims."). The burden thus falls on Kern to prove good cause for the default and actual prejudice. However, Kern does not argue that he can prove good cause. *See* ECF No. 38 at 2–5. As such, I dismiss ground 4 as procedurally barred.

**B. Exhaustion**

A state prisoner must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman*, 501 U.S. at 730–31. "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). A claim has been fully and fairly presented when a petitioner presented the substantial equivalent of his federal claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when a petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277–78.

Turning first to grounds 5a, 5c, 5d, and 5e1—which are all claims of ineffective assistance of trial counsel—Kern explains that these grounds were raised during his state habeas proceedings but were dropped by his state habeas appellate counsel. ECF No. 38. Therefore, Kern argues that these grounds should be considered technically exhausted but procedurally defaulted because

---

and then again on post-conviction review under an ineffective-assistance-of-trial-counsel claim with the new evidence. Kern also argues that the Nevada Court of Appeals actual considered the merits of ground 4 when addressing his related claim that his trial counsel failed to effectively present the fair cross-section of the community argument. ECF No. 38 at 2–3. I acknowledge that ground 4 will necessarily be addressed within ground 5b, but this is not a basis upon which to find that ground 4 is not procedurally barred.

Nevada's procedural bars would prevent the Nevada state courts from deciding the merits of these claims should he raise them in a second or successive petition. *Id*. Because Kern would face several procedural bars if he were to return to state court, *see, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810, I find that grounds 5a, 5c, 5d, and 5e1 are technically exhausted but procedurally defaulted.

Kern then argues that he can show cause and prejudice to overcome the procedural default of these grounds due to his state habeas appellate counsel's ineffectiveness under *Martinez*. ECF No. 38. In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 9 (2012). Respondent contends that *Martinez* cannot be used to supply the cause necessary to overcome the procedural defaults of grounds 5a, 5c, 5d, and 5e1. ECF No. 39 at 4. I agree. *Martinez* applies only to ineffective assistance in initial-review collateral proceedings and cannot supply cause where the alleged ineffective assistance was on appeal of a state habeas petition. *Martinez*, 566 U.S. at 16 ("The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings."). Therefore, I dismiss grounds 5a, 5c, 5d, and 5e1 as procedurally barred.

Turning to ground 6a, Kern argues that it was exhausted during his appeal from the denial of his state habeas petition. ECF No. 38 at 15 (citing ECF Nos. 18-13 at 27, 36; 18-16 at 12). As a reminder, in ground 6a, Kern argues that his appellate counsel failed to raise a fair cross-section of the community claim on direct appeal. ECF No. 17. In his opening brief on post-conviction appeal, Kern argued that (1) he "was denied his Fourteenth and Sixth Amendment rights to a trial before a jury selected from a representative cross-section of the community" and (2) "the district court erred in denying [his] ineffective assistance of trial counsel claim for failing to effectively present the fair cross section of the community argument." ECF No. 18-13 at 4. Notably, however, Kern did not raise an appellate-counsel-ineffective claim tied to his fair cross-section of the community argument. *See id*. And while Kern also argued that the state court should have

construed his petition as alleging ineffective assistance of appellate counsel as good cause to overcome procedural bars, *see* ECF No. 18-16 at 12, this cannot exhaust the substantive claim raised here. Therefore, I find that ground 6a is unexhausted. Kern then appears to argue that if ground 6a is unexhausted, it should be considered technically exhausted but procedurally defaulted for the same reason as grounds 5a, 5c, 5d, and 5e1. Because Kern would face several procedural bars if he were to return to state court, I find that ground 6a is technically exhausted but procedurally defaulted. Kern then argues that he can overcome the procedural default of ground 6a under *Martinez*. *See* ECF No. 38 at 16. However, the United States Supreme Court has emphasized that *Martinez*'s equitable exception is limited to claims of ineffective assistance of *trial* counsel and expressly declined to expand the "narrow" exception to claims of ineffective assistance of *appellate* counsel. *Davila v. Davis*, 582 U.S. 521 (2017). Accordingly, because ground 6a is an appellate-counsel-ineffectiveness claim, Kern cannot demonstrate cause under *Martinez* to overcome the default. Ground 6a is dismissed as procedurally barred.

Turning to ground 6b2, Kern does not address the respondent's exhaustion argument but appears to concede that it is procedurally defaulted and that he can overcome the procedural default under *Martinez*. *See* ECF No. 38 at 16. However, because ground 6b2 is an appellate-counsel-ineffectiveness claim like ground 6a, Kern cannot demonstrate cause under *Martinez* to overcome the default. Ground 6b2 is also dismissed as procedurally barred.

**C. Cognizable Claims**

The Anti-Terrorism and Effective Death Penalty Act "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *McGuire*, 502 U.S. at 68.

Respondent argues that grounds 3 and 7—Kern's cumulative errors claims—are not cognizable. ECF No. 37 at 15. This Court follows the Court of Appeals for the Ninth Circuit, which has concluded that "[t]he Supreme Court has clearly established that the combined effect of multiple . . . errors [can] violate[ ] due process." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007). Consequently, I find that grounds 3 and 7 are cognizable.

## III. Conclusion

It is therefore ordered that the respondent's motion to dismiss **[ECF No. 37] is granted in part**. Grounds 4, 5a, 5c, 5d, 5e1, 6a, and 6b2 are dismissed as procedurally defaulted.

It is further ordered that the respondent has until December 23, 2026, to file his answer to the First-Amended Petition. Kern will then have 30 days to file his reply.

Dated: October 22, 2026

Cristina D. Silva
United States District Judge